# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| TQ DELTA, LLC., <br><br> Movant, <br><br> v. <br><br> NOKIA OF AMERICA CORPORATION, <br><br> Respondent. | C.A. No. 3:21-mc-220 |

### TQ DELTA'S MOTION TO COMPEL NOKIA TO COMPLY WITH SUBPOENAS

Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), TQ Delta, LLC ("TQ Delta") moves this Court for an Order compelling Nokia of America Corporation ("Nokia" or "NOAC") to comply with TQ Delta's Rule 45 Subpoenas of Nokia within 14 days of such Order and states as follows:

1. On July 6, 2021, TQ Delta served two Subpoenas (one for documents; the other for deposition testimony) on Nokia of America Corporation, at one of its places of business at 3201 Olympus Blvd., Dallas, Texas 75019, in a case captioned *TQ Delta, LLC v. Verizon Services Corp.*, C.A. No. 15-cv-616-RGA (D. Del.) (the "underlying litigation"). There is no dispute that service of the Subpoenas was proper. Copies of the Subpoenas may be found in the accompanying Appendix ("Appx") at pages Appx 1-43. Copies of the Proofs of Service may be found at Appx 44-48.

2. In the underlying litigation, TQ Delta asserts patent infringement claims against Verizon Services Corp. ("Verizon"). In particular, the complaint in the underlying litigation asserts that Verizon infringes two TQ Delta patents by making and/or selling products that implement one or more specifications (i.e., technical standards) issued by the Multimedia over Coax Alliance (the "MoCA Specifications"). The MoCA Specifications specify a

communications protocol for distribution of content within a consumer's home over in-home coaxial cable. A copy of the Complaint filed in the underlying litigation may be found at Appx 49-84.

3. The Subpoenas seek documents and testimony relating to products sold by Nokia to Verizon that implement the MoCA Specifications ("Nokia MoCA Products"). *See* Appx 1-43.

4. Nokia served objections to the Subpoenas on July 26, 2021. A copy of Nokia's objections may be found at Appx 85-113. Nokia's objections include the following "Objection to Each of Request Nos. 1-20":

> TQ Delta and NOAC (f/k/a Alcatel-Lucent USA, Inc.) entered into a Mutual Standstill & Confidentiality Agreement dated January 5, 2015 (the "Standstill Agreement"). As a part of that Standstill Agreement, TQ Delta agreed that it would not "institute or directly or indirectly cause to be instituted proceedings relating to the patents in TQD's patent portfolio . . ." against NOAC. TQ Delta's assertions relating to NOAC's sale to Verizon of the fourteen identified "Nokia MoCA Product[s]" identified in definition 27 of the Subpoena violates the Standstill Agreement.

*See* Appx 88.

5. On August 18, 2021, counsel for TQ Delta and Nokia met and conferred for a final time regarding Nokia's objections to the Subpoenas. In that conference, Nokia's counsel stated that the sole basis upon which Nokia was refusing to comply with the Subpoenas was that the Subpoenas violate the Standstill Agreement. Nokia's counsel confirmed that Nokia's refusal to comply was not based on any other grounds. TQ Delta disputes that the Subpoenas violate the Standstill Agreement. A copy of the Standstill Agreement may be found at Appx 114-121.

6. In the conference, counsel for Nokia indicated that Nokia intends to file a motion to quash the Subpoenas, but would not commit to a date by which it would file such a motion. Because of impending discovery deadlines in the underlying litigation, TQ Delta cannot afford to

wait. In order to expedite resolution of the dispute and obtain the discovery it needs, TQ Delta is filing this motion to compel Nokia's compliance with the Subpoenas.

7. Pursuant to L.R. 7.1(d), the factual and legal basis for this Motion is set forth in the accompanying Brief in Support of TQ Delta's Motion to Compel.

8. TQ Delta also seeks reimbursement of fees and costs incurred by TQ Delta to obtain Nokia's compliance by way of this motion.

Respectfully Submitted,

/s/ Rudolph "Rudy" Fink IV

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter McAndrews
*Pro Hac Vice* Application forthcoming
*pmcandrews@mcandrews-ip.com*
Aaron F. Barkoff, Ph.D.
*Pro Hac Vice* Application forthcoming
*abarkoff@mcandrews-ip.com*
McAndrews, Held & Malloy, Ltd.
500 W. Madison St., 34th Floor
Chicago, IL 60661
Telephone: 312-775-8096

ATTORNEYS FOR MOVANT
TQ DELTA, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2021, the foregoing document was electronically filed in compliance with Local Rule CV-5(a). I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

/s/ Rudolph "Rudy" Fink IV
Rudolph "Rudy" Fink IV

## **CERTIFICATE OF CONFERENCE**

Pursuant to L.R. 7.1 (b), a conference relating to this Motion was held on August 18, 2021, and counsel for Nokia indicated that Nokia would oppose a Motion to Compel. Counsel for TQ Delta at the conference were Peter J. McAndrews and David Z. Petty, and counsel for Nokia was M. Scott Stevens. Agreement could not be reached because, as explained above, Nokia contends that the Subpoena violates the Standstill Agreement.

/s/ Peter J. McAndrews
Peter J. McAndrews